UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| **KENTUCKY FORWARD LLC** | : | Case No. _____ |
| **465 East High Street, Suite 100** | : | |
| **Lexington, Kentucky 40507,** | : | |
| | : | **COMPLAINT** |
| Plaintiff, | : | **FOR DAMAGES AND** |
| | : | **INJUNCTIVE RELIEF** |
| v. | : | **(JURY DEMAND)** |
| | : | |
| **PAIGE SHUMATE SHORT** | : | |
| **4440 Lexington Road** | : | |
| **Paris, Kentucky 40361,** | : | |
| | : | |
| and | : | |
| | : | |
| **FOUR TIGERS, LLC** | : | |
| **Coldstream Research Campus** | : | |
| **1501 Bull Lea Road, Suite 105** | : | |
| **Lexington, Kentucky 40511,** | : | |
| | : | |
| ALSO SERVE: | : | |
| **Registered Agent** | : | |
| **Paige Shumate Short** | : | |
| **4440 Lexington Road** | : | |
| **Paris, Kentucky 40361,** | : | |
| | : | |
| ALSO SERVE: | : | |
| **Dr. Russell J. Mumper, Member** | : | |
| **UNC Eshelman School of Pharmacy** | : | |
| **CB#7355** | : | |
| **301 Pharmacy Lane** | : | |
| **Chapel Hill, N. Carolina 27599** | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Kentucky Forward LLC, for its complaint for damages and injunctive relief against Defendants, states as follows:

1

## PARTIES

### (Jurisdiction and Venue)

1. Kentucky Forward LLC ("KyForward LLC") is a limited liability company organized under the laws of the State of Kentucky, with its principle place of business located in Lexington, Kentucky.

2. Paige Shumate Short ("Short") is a citizen of the State of Kentucky, residing in Paris, Kentucky, and a member of Four Tigers, LLC.

3. Four Tigers, LLC is a Kentucky limited liability corporation, with its principle place of business at 4440 Lexington Road, Paris, Kentucky 40361.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1338(a), and 1338(b), and the Court has supplemental jurisdiction over remaining claims pursuant to 28 U.S.C. § 1367.

5. Federal jurisdiction is appropriate in this instance to secure remedy for copyright infringement under the Copyright Act of 1976, as amended, pursuant to 17 U.S.C. § 101, *et seq*.

6. This Court has jurisdiction over Defendants because they transact business in this district and have otherwise acted so as to make them subject to the jurisdiction of this Court.

7. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because this Court has personal jurisdiction over Defendants in this district, in that Defendants reside in this district pursuant to 28 U.S.C. § 1391(c).

## BACKGROUND

8. This is an action of copyright infringement arising from Short, Dr. Russell J. Mumper, and Four Tigers, LLC's marketing, distribution, and sale of two separate products, each sold in packaging bearing a graphic design and artwork created and owned by KyForward LLC.

9. The products are BerryCare Toothpaste Gum and BerryCare Quick Energy Gum (collectively, the "Products").

10. Dr. Russell Mumper ("Mumper") is a member and cofounder of Four Tigers LLC and a John A. McNeil Distinguished Professor in the Division of Molecular Pharmaceutics at the University of North Carolina Eshelman School of Pharmacy. He and Short aim to capitalize on his research, supported by millions of dollars in public monies, by commercializing "Berryceuticals"—that is, the blackberry Products taken to commercial markets.

11. Beginning in the late spring or early summer of 2012, KyForward LLC met or communicated with Short and was hired to perform work to create a website; develop a branding campaign; develop a logo, Facebook page, along with stories, video, history, and pictures; and design and create the packaging, including text and artwork (the "Packaging"), for the Products.

12. Once the work was well underway, it was decided that the Products would be held by and marketed through Four Tigers, LLC; thus, in addition to Short, Four Tigers, LLC was benefitting from KyForward LLC's work.

13. Mumper and Defendants actively used KyForward LLC to design and create the entire look and feel of the Products, including the Packaging. A true and accurate copy of each of the Products' Packaging is, collectively, attached hereto as Exhibit A.

14. Over the course of a year, in reliance on the promises made by Short, fully known by Mumper, KyForward LLC continued work on all of these efforts and initiatives, resulting in the design and Packaging of both Products, along with a promotional website, a Facebook page, and Twitter account, among other things.

15. Ultimately, both BerryCare Toothpaste Gum and BerryCare Quick Energy Gum have gone to market through Four Tigers, LLC, and have been sold in Kroger stores, Wilson

Drug stores, and Ken's NewMarkets, without limitation. A true and accurate photograph of the display for the Energy Gum and of a purchase receipt for both Products from Wilson Drug Store is attached hereto as <u>Exhibit B</u>. A true and accurate photograph of the display for the Products and of a purchase receipt for the Energy Gum from Ken's NewMarkets is attached hereto as <u>Exhibit C</u>.

16. Not only did KyForward LLC design the box, cases, and individual Packaging, but also the in-store displays for the Products. KyForward LLC also designed the marketing materials, sales flyers, and business cards for the Products.

17. The Products are also being sold through Four Tigers, LLC's Website, www.four-tigers.com (the "Four Tigers Website"), which displays the Packaging owned and designed by KyForward LLC.

18. Short, on behalf of herself, Mumper, and Four Tigers, LLC, promised to pay KyForward LLC for the work as set forth above.

19. Short, on behalf of herself, Mumper, and Four Tigers, LLC, also promised that in exchange for doing this work, KyForward LLC would be further involved in and compensated for a complex marketing campaign for realblackberrypeople.com through The Real Blackberry People, LLC.

20. The marketing campaign for realblackberrypeople.com was to be comprised of not only these two Products, but also fabric, lip balm, and other blackberry products being developed. However, The Real Blackberry People, LLC dissolved in November 2012.

21. As the Four Tigers Website shows, Four Tigers, LLC received several grants from the National Institute of Health, an agency of the U. S. Department of Health and Human Services, including one in or around December 2012.

22. Short represented to KyForward LLC that part of the grant money would be used to pay for a thorough and complete marketing plan for the Products and that KyForward LLC would be paid to do the marketing and promotional work.

23. Short promised KyForward LLC not only full payment for the work already performed, but for KyForward LLC to be part of the future marketing team for other "Berryceutical" products, which promise induced KyForward LLC to continue to work for an extraordinary period of time to assist Defendants in successfully getting the Products to market.

24. To further induce KyForward LLC to continue to do massive amounts of work, Short represented to Judy Clabes, a longtime friend of Short's father, Wayne Shumate, that Short was receiving state matching grants, with the goal of trying to not only make a profit on these products, but to help impoverished Kentuckians with oral hygiene.

25. To date, Defendants and Mumper have failed to compensate KyForward LLC for its work, as described herein, despite numerous demands for payment by KyForward LLC.

## KYFORWARD LLC'S COPYRIGHT

26. KyForward LLC holds and owns all copyright rights and interests in the Products' Packaging and designs.

27. KyForward LLC has not assigned or otherwise transferred any of its rights, including copyrights, in the Products' Packaging and designs to Defendants, Mumper, or anyone else.

28. KyForward LLC received a Certificate of Registration on the BerryCare Quick Energy Gum Package, number VA 1-904-479, effective date of registration January 31, 2014. A true and accurate copy of this Certificate of Registration is attached as Exhibit D.

29. KyForward LLC received a Certificate of Registration on the BerryCare

Toothpaste Gum Package, number VA 1-930-032, effective date of registration January 31, 2014.  A true and accurate copy of this Certificate of Registration is attached as Exhibit E.

30. These two Products, in the Packaging created and owned by KyForward LLC, have been and are being sold in Kroger stores and other outlets.

31. The Products are also being sold under the BerryCare display, which incorporates and copies KyForward LLC's copyrighted material.

32. Defendants' use, copying, distribution, and sale of KyForward LLC's copyrighted material is unlawful and occurs without KyForward LLC's consent or authorization.

33. Defendants' unlawful use of KyForward LLC's copyrighted material is knowing and intentional.

34. The natural, probable and foreseeable result of Defendants' wrongful conduct has been, and will continue to be, to deprive KyForward LLC of the benefit of the exclusive use of its original copyrighted material.

35. Unless enjoined by this Court, Defendants will continue their course of conduct and wrongfully use, infringe upon, and otherwise profit from KyForward LLC's copyrighted material and other works which may be derived from or related to it.

36. As a direct and proximate result of the acts of Defendants as alleged above, KyForward LLC has already suffered irreparable harm in addition to its lost profits.

37. KyForward LLC has no adequate remedy at law to redress all of the injuries that Defendants have caused and which are likely to continue unless enjoined by this Court.

## CAUSES OF ACTION

### COUNT I

### 17 U.S.C. § 101 *et seq*.
### COPYRIGHT INFRINGEMENT

38.     KyForward LLC incorporates herein by reference each allegation contained above as if fully set forth herein.

39.     This Count is for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.

40.     KyForward LLC's federal copyright registrations of the BerryCare Quick Energy Gum Package and the BerryCare Toothpaste Gum Package on the Register of Copyrights is conclusive evidence of KyForward LLC's ownership of and exclusive right to use the Packaging designs, pursuant to the Copyright Act of 17 U.S.C. § 410(c).

41.     By the conduct described above, Defendants have infringed and actively induced others to infringe KyForward LLC's copyrights by wrongfully copying and distributing it without license to do so, and by benefiting from the use of the copyrighted material in connection with the sale of the Products.

42.     The Defendants' unauthorized, knowing and willful use of KyForward LLC's copyrighted work has created profits which are directly attributable to the work of the KyForward LLC.

43.     As a proximate result of Defendants' conduct, KyForward LLC has suffered and will continue to suffer damages.

44.     The injury to KyForward LLC is and continues to be ongoing and irreparable, an award of monetary damages alone cannot fully compensate KyForward LLC for its injuries, and thus KyForward LLC lacks an adequate remedy at law.

45. KyForward LLC is entitled to a permanent injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of infringement in violation of the copyright laws of the United States.

46. KyForward LLC is also entitled to other remedies available under the Copyright Act of 1976, including but not limited to, the impounding and disposition of the infringing articles; compensatory damages; disgorgement of profits; and costs, pursuant to 17 U.S.C. §§ 503 to 505.

## COUNT II

## BREACH OF CONTRACT

47. KyForward LLC incorporates herein by reference each allegation contained above as if fully set forth herein.

48. Defendants and KyForward LLC entered into a contract whereby KyForward LLC would perform the work set forth above and Defendants would compensate KyForward LLC for the work performed.

49. KyForward LLC performed and complied with all its obligations under the contract with Defendants.

50. Defendants have breached their contract with KyForward LLC by failing to pay for the work performed.

51. On August 21, 2013, KyForward LLC sent Defendants an invoice for the work performed under the contract. A true and accurate copy of the contents of the correspondence and invoice is attached as Exhibit F.

52. To date, Defendants have paid nothing to KyForward LLC.

53.     As a result of the breach, KyForward LLC is entitled to damages in an amount to be proven at trial.

## COUNT III

## UNJUST ENRICHMENT

54.     KyForward LLC incorporates herein by reference each allegation contained above as if fully set forth herein.

55.     KyForward LLC conferred a benefit upon Defendants by performing the work set forth herein.

56.     Defendants accepted, used, and continue to use that work for their benefit.

57.     Defendants have retained the benefit of KyForward LLC's work without making any payment for its value.

58.     As a result of the unjust enrichment, KyForward LLC is entitled to damages in an amount to be proven at trial.

## COUNT IV

## QUANTUM MERUIT

59.     KyForward LLC incorporates herein by reference each allegation contained above as if fully set forth herein.

60.     KyForward LLC rendered valuable services and work, as set forth herein, to Defendants.

61.     Defendants accepted, used, and continue to use that work for their benefit.

62.     Defendants knew and agreed that compensation was expected for the work performed.

63. Defendants have retained the benefit of KyForward LLC's work without making any payment for its value.

64. As a result of Defendants' conduct, KyForward LLC is entitled to damages in an amount to be proven at trial.

**WHEREFORE**, KyForward LLC prays for relief as follows:

A. Award KyForward LLC its actual damages, consequential damages, interest, and costs on its breach of contract, unjust enrichment, and quantum meruit claims, in an amount to be determined at trial;

B. Pursuant to 17 U.S.C. § 502, temporarily and permanently enjoin Defendants and their officers, partners, agents, subcontractors, servants, employees, subsidiaries, and related entities, and all others acting in concert with them or with actual notice of such order, from;

  1. Directly or indirectly copying or using copies, reproductions, simulations or colorable imitations of KyForward LLC's copyrighted work;

  2. Continuing to distribute and sell any products in packaging or under any displays bearing a copy, reproduction, simulation or colorable imitation of KyForward LLC's copyrighted material.

C. Order the impounding and disposition of all articles of infringement, including all packages of the Products, to the full extent provided by 17 U.S.C. § 503;

D. Award KyForward LLC its actual damages and the disgorgement of Defendants' profits to the full extent provided by 17 U.S.C. § 504, in an amount to be determined at trial;

E. Award KyForward LLC costs to the full extent provided by 17 U.S.C. § 505; and

F.   For all other relief the Court deems equitable and just, including without limitation, attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Kevin L. Murphy*_____
Kevin L. Murphy (KBA #50646)
Stacy A. Cole (KBA #94181)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive, Suite 300
Fort Mitchell, KY  41017
Murphy Phone:  (859) 578-3060
Cole Phone:  (513) 629-2838
Murphy Fax:  (859) 525-0214
Cole Fax:  (513) 333-4358
Murphy Email:  kmurphy@graydon.com
Cole Email:  scole@graydon.com
*Counsel for Plaintiff*