UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KENTUCKY FORWARD LLC, | ) | |
| Plaintiff, | ) | Action No. 5:15-CV-6-JMH |
| v. | ) | |
| PAIGE SHUMATE SHORT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Paige Shumate Short [DE 41]. The Court has already directed the Clerk to enter a default against Defendant Four Tigers, LLC, [DE 34 and 35] for its failure to obtain counsel. The Court also dismissed Defendant Short's Counterclaim against Plaintiff for lack of subject matter jurisdiction [DE 33].

On November 13, 2015, the Court ordered Defendant Short to provide Rule-compliant responses to Plaintiff's Requests for Admissions by November 23, 2015, or have the Requests deemed admitted [DE 36]. On November 17, 2015, the Court ordered Defendant Short to respond to the majority of Plaintiff's Interrogatories and Requests for Production of Documents by December 1, 2015, [DE 38]. Pursuant to the Court's Scheduling

Order [DE 22], discovery in this matter closed on December 8, 2015, although the Court ultimately extended discovery until January 4, 2016, [DE 40]. Defendant Short did not respond to Plaintiff's Interrogatories and Requests for Production of Documents, nor did she serve Rule-compliant responses to Plaintiff's Requests for Admission [Pl.'s Mem. Supp. Mot. Default J., p.2, DE 41]. Defendant Short did not contest Plaintiff's Motion for Default Judgment, which was filed over three months ago. To the Court's knowledge, Defendant Short has not participated in defending this lawsuit since serving her insufficient Responses to Plaintiff's Requests for Admissions on August 24, 2015.

Fed. R. Civ. P. 37(b)(2)(A)(vi) permits a court to render a default judgment against a party who disobeys a court order. A "dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). In this case, the Court provided Defendant Short with additional time to answer and expressed its concern over levying sanctions such as attorney's fees against a *pro se* Defendant without providing the Defendant the opportunity to remedy her discovery failure [Order, p. 2, DE 38]. At this juncture, Defendant Short has had approximately six months since that Order to respond to the discovery as required,

2

move the Court for some form of relief, or otherwise defend this lawsuit.  Defendant Short's inaction since August 2015 evidences what the Court can only conclude is a willful refusal to participate in this lawsuit and intentional failure to comply with the Court's orders.  "A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)

    Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi)the Court finds that Defendant Short has failed to obey the Court's orders, and failed to respond to the instant motion, despite ample time to do so, and, therefore, a default judgment is appropriate at this time. Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Entry of Default [DE 44] is **GRANTED;**

(2) that the Clerk shall strike the Answer [DE 15] from the record;

(3) that the Clerk shall enter a default against Defendant Paige Shumate Short;

(4) that, at least two weeks before the hearing on damages, counsel and *pro se* litigant shall:

    (a) file a list of exhibits intended to be used at the hearing;

    (b) premark and display to opposing counsel or *pro se* litigant all exhibits intended to be used at the hearing;

    (c) file a witness list with a brief summary of the expected testimony of each witness;

    (d) file a pre-hearing memorandum brief containing a succinct statement of facts and law as related to the damages sought in this case;

(5) that, at least one week before the hearing on damages, counsel or *pro se* litigant shall raise any objections or make any motions related to the evidence to be presented at the hearing on damages; and

(6) that this matter is set for a hearing on the issue of damages on July 5, 2016, at the hour of 1:00 p.m., pending further orders of the Court.

This the 19th day of May, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge